## Ammi Cutler *et al. versus* Thomas Rice.

Where the defendant in a real action, had been in possession of the demanded premises for six years, but his counsel, in consequence of perturbation of mind occasioned by a dangerous illness occurring in his family during the course of the trial, neglected to make any claim for an allowance for betterments, and the plaintiffs recovered a verdict, the Court, in the exercise of its discretion and to effect the substantial ends cf justice, decided to grant a new trial, or to suspend judgment, in order either that the defendant might, with the consent of the plaintiff, remove the betterments from the land, or that, at the election of the defendant, an auditor might be appointed to assess the sum to be allowed the defendant for the improvements.

This was a writ of entry to recover a parcel of land in Charlestown. The plaintiffs counted on their own seisin, as trustees under the will of Catharine Lombard, within thirty years, and a disseisin by Sargent and Smith, under whom the defendant claims. Plea, the general issue.

At the trial, before *Wilde* J., there was much conflicting evidence introduced, but the jury found a verdict for the plaintiffs. The defendant moved that the verdict should be set aside and a new trial granted, for the following, among other reasons :

1. Because, during the trial, the mind of the defendant's counsel was thrown into a state of great perturbation, alarm and anxiety, by finding, during the intermission of the court at noon, that one of his children was very ill, and by the apprehension that the disorder was of a fearful and deadly kind, whereby the counsel became unfitted to take such measures in the case as the situation thereof then required.

2. Because the defendant had, since the trial, discovered evidence strongly corroborating the testimony introduced by him at the trial.

3. Because the defendant and those under whom he claims, have been in possession of the demanded premises more than six years, have made great improvements thereon, and have erected a dwelling-house, a portion of which stands on the premises ; and equity requires that the defendant should be paid for such improvements ; but no request was made at the trial, that the jury should estimate the value of the improvements ; whereby the defendant is in danger of having the house cut into two pieces and ruined.

The facts set forth in the motion were supported by affidavits. The affidavit of the defendant's counsel stated that his anxiety and alarm occasioned by the illness of his child, prevented his thinking of making a request for the jury to estimate the value of the improvements.

*Hoar* and *Tufts*, for the defendant, cited *Gray* v. *Bridge*, 11 Pick. 189 ; *Ex parte Bacon and Lyon*, 6 Cowen, 392 ; *Ex parte Benson*, 7 Cowen, 363.

*Buttrick* for the plaintiffs.

SHAW C. J. delivered the opinion of the Court. A motion is made in behalf of the defendant, to set aside the verdict and grant a new trial, on the ground of surprise and perturbation on the part of his counsel, arising from sudden and dangerous sickness, occurring in his family, and coming to his knowledge during the trial.

The Court are of opinion, that the facts set forth in the motion are well supported by the affidavits, and that they do form a good ground upon which the Court will interpose its general authority, to prevent the injurious consequences proceeding from accident and misfortune. The application upon such a ground is certainly rather a novel one ; but we know no limit to the power of the Court so to interpose, where the plain and manifest dictates of justice require it, taking care that it shall never be so exercised, as to encourage or shield negligence or fraudulent contrivance, in the conduct of trials.

But such an application is founded upon the broadest principles of equity ; and the Court therefore will look at the state

*Oct. 16th.*

*Oct. 19th.*

Cutler
*v.*
Rice.

of the case, and the effect of setting aside the verdict ; and it must appear that it will be substantially beneficial     For this reason, the Court will look at the state of the question before the jury, the state of the evidence as it then appeared, and compare it with the evidence which would be produced upon another° trial, not to weigh it precisely as it would be weighed by a jury, but to see whether the state of the evidence before the jury would be so essentially changed as to make it proper and necessary to the purposes of justice that another jury should be called to pass upon it.   We have made such examination ; and without detailing the evidence, we are satisfied, that on the main question, the purposes of justice do not require a new trial, if upon the point hereafter stated justice can be attained without it.

But we are of opinion, that in consequence of the surprise and the causes of it, set forth in the motion and affidavits, the counsel for the defendant was deterred from making a claim for betterments, which was an important one, which he had a right to make, and which it was necessary to the interests of his client to make at the trial.   But with the consent of the plaintiffs this object can be effected without a new trial.   The defendant is to be at liberty, with the consent of the plaintiffs, to remove his buildings from the premises, at any time within —— days, or, at his election, an assessor will be appointed to assess the value of the estate and the value of the betterments, in order that a judgment may be entered pursuant to the statute ; and the judgment on the verdict will be suspended for that purpose.